By the Court, Bronson, J.
It is a mistake to suppose this question was decided in Jackson v. Ives. In that case the referees, on the application of one party, which was opposed by the other, adjourned or postponed the hearing from the 10th of April beyond the then next May term of the court • and it was remarked that this u exceeded the power expressly conferred on the referees” by the statute. But what was the effect of this and other alleged u irregularities, if they must be deemed such,” was purposely left undecided. There is no intimation in the case that the referees lost all jurisdiction of the cause. That question remains to be decided.
This is a most ungracious motion on the part of the relator. He asked for adjournments as often as the referees met, down to the last day but one before the end of the term, and when the referees then proposed, on their own motion, to adjourn for six days, he made no objection. He only said he could not consent. But as soon as the term had gone by, he refused to appear, and moved to set aside the report on account of the delay which had for the most part been granted as a favor to him. I am strongly inclined to the opinion that the adjournment from the 18th to the 24th of March, which went beyond the term, should be regarded as having been made with the assent of both parties. It is true, the defendant said he could not consent, but he made no objection. When the referees proposed the adjournment, if the defendant did not approve of it, he should in fairness and candor have told the referees that he denied their power to adjourn beyond the term, and that he intended to rely on the objection. If this may be regarded as an adjournment with the consent of both parties, I see no reason for holding that the referees lost the power of afterwards proceeding in the cause, whatever may be the true construction of the statute.
But it is not necessary to put the case upon the ground of consent. The statute provides that the referees u shall pro *467 ceed with diligence to hear and determine the matter in controversy.” (2 R. S. 384, § 42.) “ They shall appoint a time and place for the hearing and shall adjourn the same from time to time as may be necessary; and on the application of either party, and for good cause, they may postpone such hearing to a time not extending beyond the next term of the court in which the case is pending.” (§ 43.) It will be seen that the section provides for delays of two kinds. First, the referees, after appointing a time and place for the hearing, “ shall adjourn the same from time to time as may be necessary.” This includes all those adjournments which are usually made by the referees on their own motion, such as the necessary adjournments from day to day during the progress of the hearing, and adjournments for a longer period where such a course is required by the convenience of the referees. There are many cases where the hearing cannot be completed in one day, and it must sometimes happen that one or more of the referees will be prevented by sickness, family afflictions or the calls of urgent business, from continuing the investigation from day to day, to a conclusion. In such cases the referees may adjourn for a reasonable time on their own motion, and without the consent of the parties, or either of them. The only limitation in the statute in relation to such adjournments is, that they shall be sucl “ as may be necessary.” Of that necessity the referees must, from the nature of the case, be the judges. The court may, however, enquire into the matter, and see that the referees do not act oppressively, and that the parties are not delayed for an unreasonable time. But such adjournments, although they may extend the hearing beyond the next term after it was com menced, can never have the effect of putting an end to the authority of the referees.
The last branch of the section provides for those delays which may be granted on motion of one of the parties ; and here there is a different limitation of the power of the referees from that which has been considered. u On the application of either party, and for good cause, they [the referees] may post *468 pone such hearing to a time not extending beyond the ,ne^t term of the court in which the suit is pending.” If the referees on the application of one party, and without the consent of the other, postpone the hearing over an entire term, their powers will be at an end, and they cannot again, move in the matter without the consent of parties, or some new,order by the court. Where such a postponement is necessary, as may sometimes be the case, application must be made to the court. (See Sudam v. Swart, 20 John. R. 476 ; Graham v. Morton, 6 Wend. 552.)
In this case, all the postponements down to the last day but one of the next term after the hearing commenced, were granted on the application of the relator, and whether they were right or wrong, he cannot complain. The next adjournment from the 18th to the 24th of March, which went beyond the term, was not granted on the application of the plaintiff, but was ordered by the referees on their own motion and for their own convenience; and such an adjournment, as we have already seen, is within the power of the referees, although it may carry the hearing beyond the term. The defendant, does not complain that the adjournment was unnecessary. He insists that it was irregular and without authority. In that he is mistaken.
The fact that we have examined this question upon its merits, must not be taken as an admission, even by implication, that we could have awarded either a.mandamus.or a prohibition if we, had arrived at a different conclusion. That question was not made by counsel, and has, not been, considered.
Motion denied.